UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN THOMAS RIGBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEPHEN MAYBERG, et al.,<br><br>　　　　Defendants | Case No. 1:12 cv 01678 GSA<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

**I.　Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Plaintiff claims he no longer meets the criteria for civil detention and his being held in violation of due process.

The Court is required to screen complaints brought by individuals seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the individual has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on  November 30, 2012 (ECF No. 6).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.      Plaintiff's Claims

Plaintiff, a civil detainee in the custody of the California Department of Mental Health (DMH) at Coalinga State Hospital (CSH), brings this civil rights action against defendant officials employed by the DMH at CSH. Plaintiff names the following individual defendants: former DMH Director Stephen Mayberg; CSH Executive Director Pam Ahlin; Acting Director of the Department of State Hospitals C. Allenby; Acting CSH Executive Director Audrey King.

On November 23, 1998, Plaintiff was found by a jury to be a Sexually Violent Predator (SVP) and committed to the DMH pursuant to California Welfare and Institutions Code Section 6604. Plaintiff was subsequently committed to Atascadero State Hospital and then CSH. Plaintiff alleges that on November 17, 2009, he was staffed to Phase V, the final level of the Sex Offender Treatment Program (SOTP). Plaintiff alleges that pursuant to Welfare and Institutions Code Section 6600 et. seq., CSH and DMH were required to notify Orange County Superior Court that Plaintiff no longer constituted an imminent threat and danger and should have been released a less restrictive environment through a conditional release program.

Plaintiff alleges that in a report dated May 2, 2011, Dr. Owen, Ph.D., issued a report indicating that Plaintiff did not meet the criteria for a SVP. On July 5, 2011, the Acting Director of CSH sent a letter to the Deputy Director of Long Term Care, indicating that "protocol evaluations dated May 22, 2011, and June 20, 2011, were received with two negative findings. The overall results found the individual to not be one of the members of the class (of SVPs) described in the statute." (Compl. 4:23-25.)

On June 27, 2011, Plaintiff's Wellness and Recovery Treatment Team found that Plaintiff had successfully completed Phases I-IV of the SOTP, and was staffed to Phase V. The team indicated that Plaintiff is ineligible for conditional release and "is therefore waiting for unconditional release." Plaintiff remains in custody.

On August 15, 2011, the Executive Director of CSH responded to a letter written by plaintiff, indicating that, although two evaluations found that Plaintiff no longer met the criteria for an SVP, the Executive Director would submit a Difference of Opinion Packet. The packet was sent to the SOTP office in Sacramento, then forwarded to the appropriate agencies and individuals in Plaintiff's county of commitment. Plaintiff alleges that he never received a copy of the packet.

### A.    Civil Commitment

A person civilly committed under the SVPA is committed to an indeterminate term. Cal. Welf. & Inst. Code § 6604 - 6604.1. While confined, "[t]he person shall be evaluated by two practicing psychologists or psychiatrists, or by one practicing psychologist and one practicing psychiatrist, designated by the State Department of Mental Health." Cal. Welf. & Inst. Code § 6604.1. Additionally, the provisions of Section 6601(c) – (i) and the rights, requirements, and procedures set forth in Section 6603 "shall apply to all commitment proceedings."

Under the SVPA, a person who has been found to be a sexually violent predator "shall have a current examination of his or her mental condition made at least once every year." Cal. Welf. & Inst. Code § 6605(a). The examination includes consideration of whether the committed person currently meets the definition of a sexually violent predator and whether

3

conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person. Id. If it is determined that the person is no longer a sexually violent predator, or that conditional release to a less restrictive alternative is in the best interest of a person, the director of CDMH shall authorize the person to petition the court for conditional release or unconditional discharge. Cal. Welf. & Inst. Code § 6605(b).

However, even if CDMH fails to recommend a person for conditional release or unconditional discharge, under Section 6608, a detainee may directly petition the court "for conditional release or an unconditional discharge without the recommendation or concurrence of the Director or Mental Health." Id. "The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to the assistance of counsel." Id. A petition in this manner is somewhat more restrictive because of the individual had previously filed a petition for conditional release without CDMH's recommendation, and the court determined that the previous petition was frivolous or that individual's condition has not so changed that he or she would not be a danger to others, the court may deny the subsequent petition "unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." Cal. Welf. & Inst. Code §6608(a). Further, upon the receipt of a first or subsequent petition filed without CDHM's recommendation, the court may deny the petition without a hearing if it determines that the petition is based on frivolous grounds. Id. If a hearing is held and the court determines that the individual would not be a danger to others, the individual is placed in a forensic conditional release program for at least one year and then re-evaluated by the court for unconditional release. Cal. Welf. & Inst. Code § 6608(d). In any hearing under Section 6608, "the petitioner shall have the burden of proof by a preponderance of the evidence." Cal. Welf. & Inst. Code § 6608(i).

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety."

Kansas v. Hendricks, 521 U.S. 346, 357 (1997).  Statutes providing for involuntary civil commitment have been "consistently upheld . . . provided the confinement takes place pursuant to proper procedures and evidentiary standards." Id. (holding that Kansas Sexually Violent Predator Act comports with due process requirements).

The Court finds that the post-commitment procedures set forth in the SVPA do not violate the Due Process Clause of the Fourteenth Amendment.  Although Plaintiff does not specifically allege any particular deficiency on the part of evaluators used by CDMH, he does base his claim on the presumption that he is being held illegally.

In civil commitment hearings, the factors relevant in determining whether an individual has been afforded sufficient procedural protections under the due process clause are whether the individual received: 1) written notice; 2) a hearing at which the evidence being relief upon for the commitment is disclosed to the detainee; 3) an opportunity at the hearing for the detainee to be heard in person, to present testimony and documentary evidence, and to cross-examine witnesses called by the state; 4) an independent decision maker; 5) reasoned findings of fact; 6) legal counsel; and 7) effective and timely notice of these rights.  Vitek v. Jones, 445 U.S. 480, 494-97 (1980); Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir. 2005).  Plaintiff has not alleged that he was deprived of any of these procedural protections.

Any deficiencies that are alleged on the part of the evaluators do not rise to the level of a due process violation.  The evaluators are not the ultimate decision makers who decide whether Plaintiff should continue to be detained.  Under the SVPA's scheme, a superior court judge is the ultimate decision maker.  The SVPA scheme permits Plaintiff to file a petition in state court for conditional or unconditional release without the recommendation the evaluators or CDMH.  Thus, even if Plaintiff's allegations are proven true and the evaluators hired by CDMH based their evaluation upon insufficient methods, the alleged impropriety is of little consequence because Plaintiff can file a petition for release directly to the court and would be entitled to the assistance of an attorney and will have the opportunity to present evidence before a state judge in support of his contention that he is no longer a sexually violent predator within the definition of

the SVPA.  Presumably, within the petition itself and at any subsequent hearing, Plaintiff will have the opportunity to present evidence in support of his contention that the evaluators' opinions are not worthy of consideration because of their biases.  In other words, the SVPA scheme provides for sufficient procedural mechanisms for Plaintiff to challenge the evaluators' conclusions and provides Plaintiff with the opportunity to prove by a preponderance of evidence in a hearing before a state court judge that he no longer qualifies for civil detainment.  The Court finds that the procedural protections provided by California's SVPA do not violate due process.  Robinson v. Mayberg, No. 09cv346-IEG(POR), 2010 WL 2196564, *7 (S.D. Cal. May 27, 2010)("the procedures for judicial review, set forth in Cal. Welf. & Inst. Code §§ 6605 and 6608, are sufficient to insure that Petitioner's confinement will not continue beyond the point when he no longer suffers from a mental disorder or is no longer dangerous").

      Given the SVPA's scheme for obtaining release from civil confinement, Plaintiff has failed to provide a clear explanation of how he suffered any injury.  Even if the Court were to assume that the evaluators consistently concluded that Plaintiff was unfit for conditional or unconditional release, that does not foreclose Plaintiff's chance for release.  Plaintiff can use the procedures outlined under Section 6608 to challenge the evaluators' conclusions.  If Plaintiff believed that the evidence used by the evaluators was unreliable, that the evaluators were biased, or that the actuarial assessment methodologies used were unreliable, Section 6608 provides ample opportunity for Plaintiff to file a petition in state court and present evidence in support of his contentions.  The procedural protections offered by 6608 are constitutionally sufficient to protect Plaintiff's liberty interests.  Plaintiff's factual allegations fail to support a cognizable claim under the Due Process Clause.  Because Plaintiff cannot cure this deficiency, the Court dismisses this action without leave to amend.   See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule  that leave to  amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant

must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Accordingly, IT IS ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 25, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE